[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-10369

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLIFFORD EDWARD ALBRITTON, III,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00234-CEH-AAS-4

————————————————

Before LAGOA, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Clifford Albritton appeals his convictions for possession of fentanyl with intent to distribute and conspiring to do the same, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(a)(1) and (b)(1)(B). On appeal, Albritton argues that the district court erred by allowing the government to conduct a demonstration during closing argument that impermissibly exceeded the scope of the evidence. Having read the parties' briefs and reviewed the record, we affirm Albritton's convictions.

## I.

"In the absence of a contemporaneous objection, we review the district court's failure to correct an improper closing argument for plain error." *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002). To correct under plain-error review, (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467-68, 117 S. Ct. 1544, 1549 (1997).

## II.

An appellant's substantial rights are prejudiced when there is a reasonable probability that, but for the error, the outcome of the trial would have been different. *United States v. Maradiaga*, 987

F.3d 1315, 1324 (11th Cir. 2021). The burden is on the defendant to show that the error affected the outcome of the proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). If the effect of the error is uncertain, we do not find plain error. *Id.* at 1300. "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." *Id.*

### III.

The record demonstrates that Albritton did not object to the prosecutor's closing demonstration and cannot meet his burden of showing plain error. *See Pendergraft*, 297 F.3d at 1204. The questionable demonstration at issue occurred when the prosecutor asked DEA Special Agent Hery to demonstrate how an individual could hide drugs in his pants. Agent Hery was the case agent for the drug investigation, and he worked with the Tampa Police Department to arrest Albritton and his co-conspirator. While arresting Albritton, an officer searched him and found multiple bags of a substance later proven to be illegal drugs underneath the waistband of Albritton's shorts. Another special agent with the DEA testified that Albritton was wearing tight-fitting jean shorts at the time of his arrest. This agent also testified that she saw another officer remove the drugs from Albritton's shorts. The prosecutor conducted the demonstration in response to Albritton's closing argument that it was impossible for him to have hidden the drugs in his shorts, and his assertion that the drugs were on the ground and not in his possession.

Even assuming it was error for the district court to allow the demonstration, Albritton cannot meet his burden to show that the demonstration likely affected the outcome of the trial. *See Rodriguez*, 398 F.3d at 1299. The demonstration only affected the issue of whether Albritton possessed the drugs at the time of his arrest. The government presented significant independent evidence that the drugs were in Albritton's shorts when he was arrested. None of the supposed inconsistencies argued for by Albritton during closing argument were affected by the demonstration. Moreover, the district court instructed the jury that none of the attorneys' comments during closing argument were to be considered as evidence, and they were to decide the case based solely on the evidence presented at trial. This cured any possible prejudice to Albritton resulting from the prosecutor's demonstration. *See United States v. Bailey*, 123 F.3d 1381, 1402 (11th Cir. 1997). Because Albritton cannot show that the error affected the outcome of the proceedings, we conclude that there was no plain error. *See Rodriguez*, 398 F.3d at 1300.

Accordingly, based on the aforementioned reasons, we affirm Albritton's convictions.

**AFFIRMED**